# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| _____ ) | | |
| CLEMMONS' ESTATE, ) | | |
| c/o SAMUEL CLEMMONS ) | | |
| ) | | |
| Plaintiff, ) | | CIVIL ACTION |
| ) | | |
| vs. ) | | **FILE NO. 1:06-CV-01657-RCL** |
| ) | | |
| STATE OF GEORGIA, OFFICE OF ) | | |
| SOLICITOR, ATLANTA FULTON ) | | |
| COUNTY SHERIFF DEPARTMENT, ) | | |
| DEKALB COUNTY SHERIFF ) | | |
| DEPARTMENT, ATLANTA POLICE ) | | |
| DEPARTMENT, VENICE R. DALEY, ) | | |
| OFFICE OF THE GOVERNOR ) | | |
| ) | | |
| Defendants. ) | | |
| _____ | | |

## DEFENDANT ATLANTA POLICE DEPARTMENT'S
## MOTION TO DISMISS

COMES NOW, Defendant Atlanta Police Department and files this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b) (2) and (6).  In support of its Motion, the Atlanta Police Department relies upon its Statement of Points and Authorities filed contemporaneously herewith.

Respectfully submitted this 24th day of October, 2006.


_____/s/_____
Janice Williams-Jones
D.C.  Bar No. 471619
Law Office of Janice Williams-Jones
5405 Twin Knolls Road, Suite 4
Columbia, Maryland 21045
410. 964.3385
Fax: 410.964.4888

Attorney for Atlanta Police Department

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| CLEMMONS' ESTATE, ) | |
| c/o SAMUEL CLEMMONS ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| vs. ) | |
| ) | **FILE NO. 1:06-CV-01657-RCL** |
| STATE OF GEORGIA, OFFICE OF ) | |
| SOLICITOR, ATLANTA FULTON ) | |
| COUNTY SHERIFF DEPARTMENT, ) | |
| DEKALB COUNTY SHERIFF ) | |
| DEPARTMENT, ATLANTA POLICE ) | |
| DEPARTMENT, VENICE R. DALEY, ) | |
| OFFICE OF THE GOVERNOR ) | |
| ) | |
| Defendants. ) | |
| _____ | |

## STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF ATLANTA POLICE DEPARTMENT'S MOTION TO DISMISS

Pursuant to LCvR 7(a), the Atlanta Police Department ("Defendant")

submits this Statement of Points and Authorities in support of its Motion to

Dismiss.

## STATEMENT OF FACTS

On September 29, 2006, Plaintiff filed a complaint, in the United States

District Court for the District of Columbia.  Plaintiff seeks recovery under "111

A.L.R. Fed. 295 and 18 U.S.C.A. § 1001." Plaintiff has apparently consulted an American Law Reports article addressing 18 U.S.C. § 1001 and now seeks to create a private cause of action for violation of the criminal statute. Notwithstanding the various entities captioned in Plaintiff's complaint, Plaintiff explicitly contends that the "State of Georgia" is responsible for all of the allegations in the complaint. Plaintiff identifies seven incidents giving rise to his complaint. These incidents took place as far back as March 2002. As recompense, Plaintiff seeks $60,000,000.00 (sixty million dollars) in damages. For several reasons, Plaintiff's complaint should be dismissed in its entirety.

## ARGUMENT AND CITATION OF AUTHORITY

### I.    STANDARD OF REVIEW

A motion to dismiss for failure to state a claim is properly granted when, taking as true the facts alleged in the complaint, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[1] Moreover, dismissal is proper if the allegations indicate the existence of an affirmative defense or other bar to relief.[2]

---

[1] *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).
[2] *Quiller v. Barclays American/Credit, Inc*., 727 F.2d 1067, 1069 (11th Cir. 1984), *adhered to en banc*, 764 F.2d 1400 (11th Cir. 1985); *Smith-Haynie v. District of Columbia,* 155 F.3d 575, 578 (D.C. Cir. 1998) (affirmative defense may be raised by pre-answer motion to dismiss when the facts that give rise to the defense are clear from face of the complaint).

## II.    PLAINTIFF CANNOT STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### A.    The City of Atlanta Police Department is Not An Entity Subject to Suit.

The Atlanta Police Department is precluded from liability as a matter of law. This lawsuit can be summarily disposed of pursuant to *Hinton v. Metropolitan Police Dept.*, 726 F. Supp. 875 (D.D.C. 1989).  In *Hinton,* this Court dismissed plaintiff's suit for failure to state a claim and reaffirmed that in the absence of a statutory provision providing otherwise, the metropolitan police department within the District's government was not suable as a separate entity, and therefore not a proper party to the action.[3]  The Eleventh Circuit holds the same recognizing that the City of Atlanta Police Department is merely the vehicle through which the City government fulfills its policing functions.[4]  As such, the Atlanta Police Department is not an entity subject to suit and Plaintiff cannot state a claim upon which relief can be granted.[5]

---

[3] *Hinton v. Metropolitan Police Dept.***,** 726 F. Supp. 875, 875 (D.D.C. 1989) citing*, Ray v. District of Columbia,* 535 A.2d 868, 870 n. 2 (D.C. 1987).
[4] *Shelby v. City of Atlanta,* 578 F. Supp. 1368, 1370 (N.D. Ga. 1984).
[5] *Lovelace v. Dekalb Cent. Probation,* 144 Fed. Appx. 793, 795 (11th Cir. 2005).

## B. Plaintiff's Claims Are Barred By The Statute of Limitations.

The limitations period for all personal injuries claims in Georgia is two

years, as set forth in O.C.G.A. § 9-3-33:[6]

> Actions for injuries to the person shall be brought within two
> years after the right of action accrues, except for injuries to the
> reputation, which shall be brought within one year after the
> right of action accrues, and except for actions for injuries to the
> person involving loss of consortium, which shall be brought
> within four years after the right of action accrues.

The District of Columbia's maximum statute of limitations for deprivation

of civil rights is three years.[7] Regardless of which statute of limitations

applies, Plaintiff's claims are barred as a matter of law.

Plaintiffs filed this action on September 26, 2006.   The incidents giving rise

to Plaintiffs' claims (designated as violation(s) # 1-5) occurred on March 21-22,

2002 and July 25, 2003.[8]  Accordingly, those claims are barred under either statute

of limitations.   Plaintiff alleges violations # 6-7 occurred on June 5, 2006.

However, those allegations are made against the "State of Georgia," not the

Atlanta Police Department.  Plaintiff has not stated a claim for relief because either

---

[6]  *Williams v. City of Atlanta*, 794 F.2d 624, 627 (11th Cir. 1986); *see also Everett v. Cobb County School Dist.*, 138 F.3d 1407, 1409 (11th Cir. 1998); *Miracle by Miracle v. Spooner*, 978 F. Supp. 1161, 1168 (N.D. Ga. 1997).
[7] *See* D.C. Code § 12-301(8) (2000); *Chesapeake & Potomac Telephone Co.,* 802 F.2d 1416, 1428 (D.C. Cir. 1986).
[8] Compl. at 8-9.

the statute of limitations has expired or he directs his claim against an entity not capable of being sued.

C. Plaintiff Cannot Maintain a Private Cause of Action Under 18 U.S.C. § 1001.

Assuming *arguendo,* that the Atlanta Police Department could be sued, Plaintiff ignores Supreme Court precedent recognizing the general reluctance to create private rights of action based on a criminal statute.[9] Plaintiff erroneously believes that liability can be imposed based on alleged violations of 18 U.S.C. § 1001.  Plaintiff fails to cite any authority and Defendant has been unable to find any precedent supporting the imposition of civil liability for a violation of 18 U.S.C. § 1001.  The very basis for Plaintiff recovery fails as a matter of law and thus, dismissal is warranted.[10]

---

[9] *See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.***,** 511 U.S. 164, 190 (1994) (we have been quite reluctant to infer a private right of action from a criminal prohibition alone); *see also Cort v. Ash,* 422 U.S. 66, 80 (1975) (refusing to infer a private right of action from "a bare criminal statute").

[10] *Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges***,** 248 F. Supp. 2d 17 (D.D.C. 2003) citing *Fiorino v. Turner,* 476 F. Supp. 962, 963 (D. Mass. 1979) (dismissing plaintiff's claims brought pursuant to two federal criminal statutes where plaintiff failed to cite, and the court was unable to locate, any authority which would support implying a civil cause of action for violations").

### III.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.

Additionally, Plaintiff's complaint should be dismissed for lack of personal jurisdiction over the Atlanta Police Department pursuant to Rule 12(b) (2).  When personal jurisdiction is challenged pursuant to Rule 12(b) (2), the plaintiff bears the burden of establishing a *prima facie* case that personal jurisdiction exists.[11]  The plaintiff must demonstrate with specific factual allegations that: (1) the defendant transacted business in the District; (2) the claim arose from the business transacted in the District; and (3) the defendant had minimum contacts with the District such that the Court's exercise of personal jurisdiction would not offend traditional notions of fair play and substantial justice.[12]

The Atlanta Police Department operates solely within the municipal boundaries of the City of Atlanta, State of Georgia.  None of the acts complained of occurred outside of the state of Georgia, nor does the Atlanta Police Department conduct any business in the District of Columbia.  The mere fact that an Atlanta Police Department officer or employee may have allegedly communicated with a

---

[11] *See Second Amend. Foundation v. U.S. Conference of Mayors,* 274 F.3d 521, 524 (D.C. Cir. 2001).

[12] *See Cellutech, Inc. v. Centennial Cellular Corp.,* 871 F. Supp. 46, 48 (D.D.C. 1994) (citing to *First Chicago Int'l v. United Exchange Co., Ltd.,* 836 F.2d 1375, 1378 (D.C. Cir. 1988)).

federal agency located within the District of Columbia is an insufficient basis for establishing personal jurisdiction.[13]

## CONCLUSION

Based on the foregoing, the Atlanta Police Department respectfully requests that the Motion to Dismiss be granted.

Respectfully submitted this 24th day of October, 2006.


_____/s/_____
Janice Williams-Jones
D.C.  Bar No. 471619
Law Office of Janice Williams-Jones
5405 Twin Knolls Road, Suite 4
Columbia, Maryland 21045
410. 964.3385
Fax: 410.964.4888

Attorney for Atlanta Police Department

---

[13] *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 787 (D.C. Cir. 1983) (a defendant does not subject itself to the jurisdiction of the courts of the District of Columbia by being in contact with federal governmental agencies and officials).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 24th, 2006, Defendant Atlanta Police Department's Motion to Dismiss, Statement of Points and Authorities in Support of the Atlanta Police Department's Motion to Dismiss and this Certificate of Service was served upon Plaintiff, a non-CM/ECF participant, via first class mail, postage, prepaid as follows:

Clemmons' Estate,
c/o Samuel Clemmons, *pro se*
Attn: C. Owens
2137 Soft Pine Lane
Acworth, GA 30132

_____/s/_____
Janice Williams-Jones
D.C.  Bar No. 471619
Law Office of Janice Williams-Jones
5405 Twin Knolls Road, Suite 4
Columbia, Maryland 21045
410. 964.3385
Fax: 410.964.4888