UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLEMMONS' ESTATE<br>c/o SAMUEL CLEMMONS<br>2137 SOFT PINE LN<br>ACWORTH, GA 30132<br><br>    PLAINTIFF<br>vs.<br><br>STATE OF GEORGIA, et al<br>  ➢ **OFFICE OF SOLICITOR**<br>    **ATTORNEY RUPAL VAISHNAV**<br>120 N. Trinity Place, Decatur, Georgia 30032<br>  ➢ **ATLANTA FULTON COUNTY**<br>    **SHERIFF DEPT.**<br>901 Rice Street, Atlanta, Georgia 30318<br>  ➢ **DEKALB COUNTY SHERIFF**<br>    **DEPT.**<br>4425 Memorial Drive, Decatur, Georgia 30032<br>  ➢ **ATLANTA POLICE DEPT.**<br>Atlanta's Hartsfield International Airport at<br>4341 International Parkway, Atlanta, GA<br>30354<br>  ➢ **ATTORNEY VENICE R. DALEY**<br>41 Marietta Street, Suite 1005, Atlanta, GA<br>30303<br>  ➢ **OFFICE OF THE GOVERNOR**<br>Georgia State Capitol, Attn: Office of Pardons<br>Atlanta, GA 30334<br>  ➢ **OFFC OF THE ATTY GENERAL**<br>Attn: Attorney Thurbert E. Baker<br>40 Capitol Square, SW Atlanta, GA 30334<br>    DEFENDANTS | CIVIL ACTION NO: 1:06CV01657(RCL) |

## PLAINTIFF'S OPPOSTION AGAINST DEFENDANT ATLANTA POLICE DEPARTMENT MOTION TO DISMISS AFTER SUBMITTING DEFAULT ENTRY REQUEST BEFORE THE CLERK AGAINST THE OTHER DEFENDANTS.

RECEIVED

NOV 7 – 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Come now the Plaintiff files this Motion Request to deny dismissal per Defendant's request due to other negligence actions of default.

The Plaintiff comes before this honorable court to explain and express good cause shown and will be shown during the Plaintiff's Motion Request to Enter Discovery as to why such Defendant should not be dismissed from this lawsuit.

On June 5, 2006 as the Plaintiff so expressed in the initial complaint the Plaintiff was illegally arrested coming into this county by way of Costa Rica. After the Plaintiff was place under arrest by arresting officer from the Atlanta Police Department by the name of McGrath S. showing APD ID Number 3381 such arresting officer was the witness to showing the U.S. Customs Agent cash in the amount of $80.00 / four twenty dollars bills at the time of the arrest. The same arresting officer is also responsible for performing an illegal search of the Plaintiff's carry on bag which was a black laptop brief case. Such officer as expressed by the Plaintiff in the initial complaint expressed before others without the Plaintiff's consent to perform such search stated "look what we have here" as if he discovered illegal drugs on the Plaintiff while in both the Atlanta Police Department and U.S. Customs custody.

As stated by the Plaintiff in the initial complaint the Plaintiff stated to the officer " You wish that was drugs to jump start your career" The illegal search came up negative it was only a Delta Airline's plastic earphone bag. This evidence will be provided to the Court and a Jury during the Plaintiff's Motion Request to Enter Discovery.

Therefore there are only two issues to be addressed with the Atlanta Police Department and those issues are which makes them too to be liable for recovery damages are the following incidents:

1. The Plaintiff has funds missing from his procession after being arrested on June 5, 2006. The Counsel for the Atlanta Police Department has failed to acknowledge and comment on the whereabouts of these missing funds by the Atlanta Police

...
Case 1:06-cv-01657-RCL   Document 13   Filed 11/07/2006   Page 3 of 7

3

Department. The Counsel could have easily made contact with the arresting officer to gather a sworn statement expressing the funds he witness with the U.S. Customs Agency. The Counsel for the Defendant could have easily made contact with the United States Customs Agency to get such federal police report detailing the arrest made and the funds the United States Customs Agent by the name of Palmejar witnessed. In Palmejar's federal report it should clearly state and reveal as expressed by such officer that these funds will be added into the arresting officer's report. Upon being released from this illegal arrest performed against the Plaintiff. The Plaintiff went to the Atlanta Police Department to retrieve the Plaintiff's property the Plaintiff was only given a check in the amount of $6.06 and was informed by the property releasing officer to take such matter up with the arresting officer. The Plaintiff made every attempt to resolve this issue of theft by returning to the Atlanta Police Department inside the Atlanta Hartsfield Airport. The Plaintiff left the Sergeant in Charge his name and phone number for such officer to call regarding these missing funds. The arresting officers never call to discuss this matter resulting in this lawsuit against the Atlanta Police Department for committing a crime of theft by taking. The Plaintiff will submit his Motion to Enter Discovery to reveal such facts and proof to the court after receiving the Defendant's Counsel second response to this lawsuit.

2. The Second issues is the illegal search and seizures in the presence of others searching for something with an intent to find illegal drugs without the Plaintiff's consent to perform such search. Due to coming up short for his discovery this incident was very embarrassing to the Plaintiff and caused a great deal of damage emotional and physical damages due to the Plaintiff was handcuff and escort

CLEMMONS' ESTATE v. STATE OF GEORGIA, et al (REF: CONSTITUTIONAL RIGHTS VIOLATIONS

throughout the airport in the presence of others as if he as legally arrested for good cause shown.

Due to the facts and proper submission in submitting a response to this honorable court the Defendant is the only Defendant who is <u>not</u> in default but those who this Defendant performed a service for are too in Default. The Plaintiff express it's hard to consume that such Defendant too should be in Default. The Plaintiff express before the court that such Defendant's Counsel should be given the opportunity to produce such evidence according to <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) to be fully exempted from the damage recovery of this lawsuit.

Once the Defendant's Counsel has entered a response against the Plaintiff's Opposition the Plaintiff will enter a Motion to Enter Discover according to <u>Lewis v. Faulkner</u>, 689 F.2d 100, 102 (7th Cir.1982). This should ease the Defendant's Counsel argument expressing Statue of Limitations when such incident with the Atlanta Police Department occurred on June 5, 2006 in the Atlanta Hartsfield Airport. Therefore as expressed by the Defendant's Counsel the Plaintiff has not exhausted his rights under the State of Limitations according to O.C.G.A. § 9-3-33. The Plaintiff does not seek a private cause of action under 18 U.S.C. § 1001 against this Defendant because this Defendant was only performing a service for others who too represented the State of Georgia. But during the process of performing this service an illegal act or activity took place against the Plaintiff.

In the Defendant's Counsel second paragraph on page number six, the Defendant's Counsel States "Plaintiff alleges violation # 6-7 occurred on June 5, 2006. However, those allegations are made against the "State of Georgia," not the Atlanta Police Department. Plaintiff has not stated a claim for relief because either the statue of limitations has expired or he directs his claim against an entity not capable of being sued."

The Plaintiff express to the Court that such information provided is not true. The Plaintiff has expressed that the Atlanta Police Department performed its duties within the State of Georgia and the Atlanta Police Department should have been fully competent to the facts and knowledge of proper policing and performed such policing according to correct and proper procedures of policing and verifying information. It was the Atlanta Police Department too who played a part in this illegal procedures by transporting the Plaintiff off his flight itinerary and outside the jurisdiction of arrest and transported the Plaintiff to another jurisdiction without getting the Plaintiff before a judge within 24 hours according to the law the federal law while making and performing a legal arrest. The Atlanta Police Department could have clearly informed the U.S. Customs Agency of the proper procedures according to the law causing this incident from happening.

The Defendant's Counsel now have failed to acknowledge that a crime has been committed against the Plaintiff and property has been illegal been taken away from the Plaintiff and to acknowledge that the Plaintiff has suffered enough to justify relief from the Atlanta Police Department as well as the others the Atlanta Police Department played a part in these illegal procedures.

The Defendant has too failed to provide any alternatives or discussion of settlement according to their actions or part they performed or played in this illegal arrest.

CLEMMONS' ESTATE v. STATE OF GEORGIA, et al (REF: CONSTITUTIONAL RIGHTS VIOLATIONS

The Plaintiff place this request before the Court to requesting the Court to grant the Defendant's counsel who represent the Atlanta Police Department only an enlargement in time of <u>ten days</u> to submit an alterative resolution to satisfy their wrongful conduct or actions performed against the Plaintiff. But sustain default against the others that were properly served but failed to appear.

Respectfully Submitted,

*signature*

Clemmons' Estate
C/o of Samuel Clemmons
Plaintiff, *Pro Se*

CLEMMONS' ESTATE v. STATE OF GEORGIA, et al (REF: CONSTITUTIONAL RIGHTS VIOLATIONS

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY that on this 2nd November 2006**, a true copy of the PLAINTIFF'S OPPOSTION AGAINST DEFENDANT ATLANTA POLICE DEPARTMENT MOTION TO DISMISS AFTER SUBMITTING DEFAULT ENTRY REQUEST BEFORE THE CLERK AGAINST THE OTHER DEFENDANTS was served by regular mail concerning case # 1:06CV01657(RCL):

To: Defendant's Counsel

Janice Williams-Jones
Law Office of Janice Williams-Jones
5405 Twin Knolls Road, Suite 4
Columbia, MD 21045

And

District Court for the District of Columbia
**Attn: Office of the Clerk &**
**Judge Royce C. Lamberth's Chambers**
333 Constitution Ave, NW
Room 1225
Washington, DC 20001

_____
Clemmons' Estate
C/o Samuel Clemmons
2137 Soft Pine Lane
Acworth, GA 30132