UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLEMMONS' ESTATE<br>c/o SAMUEL CLEMMONS<br>2137 SOFT PINE LN<br>ACWORTH, GA 30132<br><br>    PLAINTIFF<br>vs.<br><br>STATE OF GEORGIA, et al<br>   ➢ **OFFICE OF SOLICITOR**<br>      **ATTORNEY RUPAL VAISHNAV**<br>120 N. Trinity Place, Decatur, Georgia 30032<br>   ➢ **ATLANTA FULTON COUNTY**<br>      **SHERIFF DEPT.**<br>901 Rice Street, Atlanta, Georgia 30318<br>   ➢ **DEKALB COUNTY SHERIFF**<br>      **DEPT.**<br>4425 Memorial Drive, Decatur, Georgia 30032<br>   ➢ **ATLANTA POLICE DEPT.**<br>Atlanta's Hartsfield International Airport at<br>4341 International Parkway, Atlanta, GA<br>30354<br>   ➢ **ATTORNEY VENICE R. DALEY**<br>41 Marietta Street, Suite 1005, Atlanta, GA<br>30303<br>   ➢ **OFFICE OF THE GOVERNOR**<br>Georgia State Capitol, Attn: Office of Pardons<br>Atlanta, GA 30334<br>   ➢ **OFFC OF THE ATTY GENERAL**<br>Attn: Attorney Thurbert E. Baker<br>40 Capitol Square, SW Atlanta, GA 30334<br>    DEFENDANTS | CIVIL ACTION NO: 1:06CV01657(RCL)<br><br>**RECEIVED**<br>APR 9 – 2007<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT<br><br><br>**RECEIVED**<br>APR 9 – 2007<br>NANCY MAYER... CLERK |

<u>**PLAINTIFF'S MOTION REQUEST TO ENTER DAMANDS UNDER THE FEDERAL DEBT COLLECTION PRACTICE ACT AND FINAL AFFIDAVIT OF SERVICE SHOWING PROPER PROOF OF DELIVERY OF DEFAULT PAPERWORK PRIOR TO ENTERING FINAL SETS OF ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED TO DEFENDANTS.**</u>

Plaintiff files this Motion Request in accordance with the Federal Debt Collection Practice Act which emphasizes **this in an attempt to collect a debt and any information obtain will be used for that purpose** and to enter the Final Affidavit of Service showing proper proof of service to the Defendants in nature to the Plaintiff's requests for Admissions, Interrogatories, Requests for Production of Documents and Things Propounded to Defendant in addition to the Plaintiff's Motion Request to Enter Final Discovery to set the stage for a Demand Jury Trial or Summary Judgment in whole but in favor of the Plaintiff. Showing proof of service by certified mail with a return receipt tracking numbers of **EQ 951 328 276 US; EQ 951 328 293 US; EQ 951 328 316 US; EQ 951 328 280 US; EQ 951 328 302 US; EQ 236 240 635 US; 7006 0100 0003 2066 6933 and EQ 236 240 621 US**.

By entry of this Motion into the record and for the record let it show, state and express that the Plaintiff has been in complete compliance with the Federal Rules of Civil Procedures and the Plaintiff has not abused anything but has given the Defendants a fair but equal opportunity to comply with the rules of the Federal Rules of Civil Procedures even if such Defendants responded late or untimely after such default entry had been entered by the Office of the Clerk.

The Plaintiff states and expresses for the record that only one Defendant responded and tried to defend such lawsuit and that Defendant was the Atlanta Police Department. The Plaintiff tried to entertain some of the Defendant's rebuttals, pleas or requests in many attempts to defend such lawsuit but after providing proof to the Defendant during the Plaintiff's Motion Request to Enter Discovery. The Defendant strayed away from continuing to defend, argue and rebut such wrongdoing by all the

Defendants responsible for this lawsuit. For the Record, the Office of the Governor Office, Attn: Pardon Department and the Attorney General Office **are not** responsible for this lawsuit whatsoever, both were served to professionally inform and advised both elected official of serious criminal activities that are taking place within their state and to properly informed both department of the Plaintiff's departure and a legal debt that is now due in the United States District Court for the District of Columbia. Both are now responsible for being the overseer to make sure the debt is paid in a timely manner due to those who are fully responsible for the criminal activities that are now in Default. It was or is the full responsibility of the Defendants to inform the Attorney General Office of such actions filed against the State of Georgia and not the duties of the Plaintiff to inform. If the Defendants failed to inform or advise then this too should add additional issues or concern within the State of Georgia and those who are fully responsible for these activities.

In support of this lawsuit, the Plaintiff has filed multiple oppositions against the Defendant's responses. The Plaintiff entered multiple but many objections to many of the Defendant's Counsel false statements which truly reveal fraud submissions or statements into the record with proven factors or claims submitted by the Plaintiff.

The Plaintiff has filed at least one to three sets of Admissions, Interrogatories, and Things Propounded upon the Defendants, the Defendant's Counsel and Partners in Crime through subpoenas and the Plaintiff's final request to compel the Defendants, the Defendant's Counsel and Partners in Crime to fully but fairly produce **all** records in order to draw or come to a full but fair conclusion to set the stage for a Jury Trial and a Summary Judgment rather it maybe in the favor of the Plaintiff or the Defendants. The

Defendants failed to response or produce or provide this honorable court with anything resulting in them being in complete default.

The Plaintiff extended a fair but equal opportunity for the Defendant's Counsel to settle this lawsuit outside of Court by giving the Defendant's Counsel an opportunity to call the Plaintiff on **February 28, 2007 prior to 5:00 p.m.** eastern standard time. The Defendants failed to attempt to settle this matter outside of Court now adding additional time and expenses upon the Court after April 1st, 2007. (See attached phone log sheet to prove such statements upon the Court and Rule 16 (b), 26(a) (1) (E))

The Defendants and the Defendant's Counsel have failed to submit anything to show this honorable court full compliance and full cooperation with the Federal Rules of the Civil Procedures.

In the Plaintiff's final submission of this Affidavit of Service the Plaintiff now say and express to this honorable court that this case is now fully brief and should be close due to fraud is founded, revealed and proven by the Plaintiff and such is not proven otherwise by the Defendants or the Defendant's Counsel through many attempts served upon the Defendants and the Defendant's Counsel to produce discovery and to proven otherwise.

Sanction should not be imposed upon the Plaintiff but sanction should now be completely imposed upon the Defendants and such Proposed Orders, Protection Orders and Restrainer Orders should be honored according to the Plaintiff's past and present requests for complete JUSTICE according to the law.

In conclusion and in summary, the rules of the law clearly states and expresses under the content of Rule 37(c) failure to disclose; false or misleading disclosures; refusal

to admit. It states that a party that without substantial justification fails to disclose information required by Rule 26 (a) or 26(e) (1), or to amend a prior response to discovery as required by Rule26 (e) (2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanction may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure. This is why the Plaintiff is now demanding a Jury Trial prior to Summary Judgment if necessary.

If the Defendants and the Defendant's Counsel cannot response to this motion with substantial evidence to justify or show good cause as to why this lawsuit should be dismissed then responding to this motion should not be necessary.

The Plaintiff has fully briefed such case according to *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir.1982) *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) and *Langley v. Adams County*, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933) this case should now be brought to a complete close.

As expressed in the very beginning of this Motion Request this communication is **only an attempt to collect a debt and any information obtained from this communication will be used for that purpose only.**

The Defendants and the Defendant's Counsel should now be held liable for all Court cost in addition to the judgment award after taxes.

Respectfully Submitted,

*/s/ Samuel Clemmons*

SAMUEL CLEMMONS
ATTN: C. OWENS
2137 SOFT PINE LN
ACWORTH, GA 30132
Phone # 866-409-7758

**See Attachments:**

- Affidavit of Service / Proof of Certification
- Final and Additional Exhibit / Affidavit for the Record for a just but fair Summary Judgment in favor of the Plaintiff
- Proposed Orders

CC:
Janice Williams-Jones
Law Office of Janice Williams-Jones
5405 Twin Knolls Road, Suite 4
Columbia, MD 21045

Karen L. Melnik
Assistant United States Attorney
U.S. Attorney's Office for the
District of Columbia
Civil Division
555 Fourth Street, N.W.
Washington, DC 20530

**OFFICE OF THE GOVERNOR**
Georgia State Capitol
Attn: Office of Pardons
Atlanta, GA 30334

**OFFC OF THE ATTY GENERAL**
Attn: Attorney Thurbert E. Baker
40 Capitol Square, SW
Atlanta, GA 30334

**U.S. ATTORNEY GENERAL**
950 Pennsylvania Ave, NW
Washington, DC 20530